# JOSEPHA M. STEELE v. RED RIVER LUMBER COMPANY.[1]

April 12, 1912.

Nos. 17,421—(35).[2]

**Injury to servant — contributory negligence.**

Evidence considered in this a personal injury action, and *held*, that the trial court rightly directed a verdict for the defendant, on the ground that the evidence conclusively established the contributory negligence of the plaintiff's intestate.

Action in the district court for Hubbard county by the administratrix of the estate of James M. Steele, deceased, to recover $5,000 for the death of her intestate. After the decision upon the former appeal, 110 Minn. 219, 124 N. W. 978, the case was tried before McClenahan, J., who at the close of the testimony granted defendant's motion for a directed verdict in its favor. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

[1] Reported in 135 N. W. 389.   [2] April, 1912, term calendar.

*Donohue & Stephens* and *Latham, Pidgeon & Larson,* for appellant.

*R. B. Brower,* for respondent.

START, C. J.

On December 6, 1907, the plaintiff's intestate was killed as the result of a collision between the railway train of defendant, which was being pushed by an engine, and a hand car propelling a push car, coming from the opposite direction. This action was brought in the district court of the county of Hubbard to recover damages for the death of the intestate, on the ground that it was caused by the negligence of defendant, in that its section crew propelling the hand car failed to put out flag signals before attempting to round a curve in the track, as was their duty to do.

The defense was a denial of negligence on the part of the defendant, and contributory negligence of the intestate, who was in charge of the train as conductor, because he failed properly to control his train, and that he violated the rule of the defendant which required him to keep a trainman in a conspicuous position on the front of the leading car in the train when it was backing.

The first trial of the issues resulted in a verdict for the plaintiff, but upon appeal to this court the verdict was set aside and a new trial granted. See Steele v. Red River Lumber Co. 110 Minn. 219, 124 N. W. 978, to which reference is here made for a fuller statement of the facts. On the second trial of the cause the court, at the close of the plaintiff's case, directed a verdict for the defendant on its motion. The plaintiff appealed from an order denying her motion for a new trial.

The evidence as to the defendant's negligence and as to the intestate's failure to comply with the rule was substantially the same on the second trial as it was on the first. We held, upon a consideration of the evidence on the former appeal, that the evidence was sufficient to justify a finding that the defendant was guilty of negligence as alleged, and that it conclusively appeared from such evidence that the intestate was guilty of negligence in violating the

rule which required that, when a train was being pushed by an engine, a trainman should be stationed in a conspicuous position on the leading car to perceive the first signs of danger and signal the engineer. A consideration of the evidence on this appeal necessarily leads to the same conclusion.

It is true, as claimed by the appellant, that contributory negligence on the part of an injured party, which will defeat a recovery by him or his personal representatives, consists of two essential elements. He must not only have been negligent, but his negligence must have contributed proximately to his injury. Fitzgerald v. International Flax Twine Co. 104 Minn. 138, 116 N. W. 475.

It is the contention of the appellant, in this connection, that the evidence made the question whether the intestate's negligence contributed proximately to the collision and to his death one of fact for the jury. This is the pivotal question on this appeal. It is urged by the appellant that the collision occurred near the end of a curve in the track around the base of a hill, which would for a space of about two hundred feet completely obstruct the view of a trainman standing upon the top of the box car, the leading one in the train, so that it would be impossible for him to signal the engineer and thereby prevent the collision or diminish the intensity of the impact.

The rule, which was violated, was intended to prevent a collision between the train being pushed and any obstruction on the track. Its observance would directly tend to prevent a collision, and its violation would naturally tend to result in disaster. It conclusively appears that the conductor controlled absolutely the train and the manner in which it should be moved. He must have been familiar with the track and its curves. He was confronted by no emergency, but deliberately omitted to comply with the rule or take any precautions to prevent the collision. We have attentively considered the evidence, and find that it conclusively shows, not only that the intestate was negligent, but also that such negligence contributed proximately to the collision and to his death. We regret this result, but the record leaves us no choice.

Order affirmed.